LYDIA M. BRADLEY, RESPONDENT v. ERIE RAILROAD
COMPANY, A CORPORATION, APPELLANT.

Submitted May 12, 1928—Decided November 30, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the respondent, *Alex R. Desevo* (*Alexander Simpson,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal by the defendant below from a judgment entered upon the verdict· of a jury in favor of the plaintiff in the Hudson County Common Pleas Court, in an action brought to recover for injuries sustained by the plaintiff when she tripped and fell while crossing the tracks of the defendant railroad in front of its railway station at Lackawaxen, Pennsylvania, on August 20th, 1924.

The case was submitted to the jury upon the theory that it was legally possible for the jury to find from the evidence that the defendant failed to use reasonable care to have its station premises and passageway to the train, which she was to board, safe.

The defendant contends, among other things, that judgment must be reversed because of the denial of the trial judge of a motion to direct a verdict in its favor. This motion was rested upon the ground, among others, that there was no evidence of any negligence on the part of the defendant.

We believe that this ground was well taken.

The evidence from which the plaintiff contends that negligence of the defendant was to be inferred was this, in substance and effect: On August 20th, 1924, at four-ten P. M., the plaintiff, a woman twenty-eight years old, drove up to the passenger station building of the defendant railroad company and passed through the building, and out of the door opening on the platform between the station building and the double-track railroad of the defendant. This platform was sixteen feet wide and two hundred and forty feet long. The plaintiff wished to board a train for New York, which was due in a few minutes, on the far track, and to do so it was necessary for her to reach the platform on the other side of the far track. Leading from one platform to the other, the railroad company maintained two crossing plank walks, both twelve feet wide and flush with the top of the rails, one fifty-four feet to her right and one fifty-four feet to her left as she came out of the door of the station. Instead of using either of these, the plaintiff, following two other women, walked straight across the main station platform, and after looking ahead and to her right and left, started across the railroad right of way, consisting of ballast, ties and rails, at a point where no crossing had been provided. She stepped into a hole between the rails of the first track, lost her balance, fell, and was injured.

Now, the duty which a railroad company owes to its passengers with relation to the construction of its station platforms and approaches is to take care that the method of construction adopted by it will render the platform and approaches as safe for the use of passengers as the exigencies of its business will permit. The degree of care which it is required to take is that which is exhibited by persons of ordinary prudence under like circumstances, and, so, the adoption

of a method of construction of its platforms and approaches which accords with that in general use by well-regulated railroad companies, and which is approved by experience, is a due performance of the duty which it owes to its passengers in that regard. *Feil* v. *West Jersey and Seashore Railroad Co.,* 77 *N. J. L.* 502; *Holtzman* v. *Hudson, &c., Railroad,* 101 *Id.* 255.

In the present case there is no evidence to support the contention of the plaintiff that the defendant failed to observe the degree of care indicated in the construction of its platforms and approaches at the Lackawaxen station. There is no proof that they differ from platforms and approaches in general use by the defendant or other railroad companies, and no pesumption of want of due care arises from the fact that the defendant company, presumably to meet the requirements of its traffic, had constructed two crossing plank walks across the tracks, one on either side of the station door, instead of one directly in front of the door, nor from the fact that the defendant did not extend these plank walks for the entire length of the station premises. Negligence must be proved, and in a case like the present, that can be done only by showing that the station premises, crossing plank walks or approaches are of a design which a reasonably careful judgment would disapprove as being likely to cause accident to intending passengers using them as a way to and from trains. Here the defendant had provided two safe, ample and convenient plank walks across its tracks from its main station platform to the platform on the far side of its double tracks, and the plaintiff, in broad daylight and with no obstruction to her vision, failed to use either of them, but voluntarily chose to proceed across the ballast, ties and rails in front of the station door, where no way of passage was provided either by the recognition, procurement or assent of the defendant, and at a point which could not have appeared to persons of ordinary understanding and discernment to be such a way. There was no proof that the method of construction of the station premises and passageways differed from that in general use by well-regulated railroad companies, and no proof of want of

proper repair. In such case the defendant company did not fail in its duty to use due care to have its station premises and passageways to the trains safe for the use of the plaintiff, an intending passenger; and there was no obligation upon the part of the defendant company to call the attention of the plaintiff to the way in which its station premises and passageways were constructed so long as the method of construction was that which is generally adopted by well-regulated railroad companies. *Feil* v. *West Jersey and Seashore Railroad Co., supra.* It follows, therefore, that the denial of the defendant's motion for direction of a verdict was erroneous.

The judgment will be reversed.